IRVING, J.,
dissenting:
¶ 27. With respect, I dissent from the majority’s holding that this case should be affirmed. I would reverse and render the chancery court’s judgment, which found that Stinson had not waived her right to a homestead exemption for Darby’s property. I believe that the application that Stinson submitted for Medicaid benefits effectively waived Stinson’s right to assert a homestead exemption.
¶ 28. For clarity’s sake, I also quote the relevant portion of Darby’s Medicaid application:
*709 I (We) understand that upon my/our death, the Division of Medicaid has the legal right to seek recovery from my estate for services paid by Medicaid in the absence of a legal surviving spouse or a legal surviving dependent. Consideration will be made for hardship cases. An estate consists of real & personal property. Estate recovery applies to nursing homes, home and community based waiver clients age 55 or older.
I would find that this plain language constitutes a waiver of Darby’s homestead exemption. In the statement, Darby (or Stinson on his behalf) acknowledged that the Division of Medicaid could “seek recovery” from his estate. There was no limitation stated on the recovery other than that “[cjonsideration will be made for hardship cases.” In my opinion, a reasonable person reading this statement would understand that he was allowing the Division of Medicaid to recover from his estate, regardless of any existing homestead exemption.
¶ 29. Therefore, I would reverse and render.